IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KENNETH LEE LINCICOME, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-76-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner Kenneth Lee Lincicome ("Petitioner") challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time-barred.

## I. BACKGROUND

On April 30, 1997 Petitioner was charged by Indictment in Randall County, Texas with the first-degree felony offense of attempted murder and injury to a child in violation of section 22.04 of the Texas Penal Code (or Texas Health and Safety Code). *State v. Lincicome*, No. 11, 531-A. Specifically, the Indictment alleged that on or about May 30, 1995 Petitioner did then and there:

> with the specific intent to commit the offense of Murder, intentionally and knowingly with intent to commit murder, attempt to cause the death of an individual, to-wit: Kody Lee Lincicome, by smothering him with a deadly weapon, to-with: a pillow, that in the manner of its use and intended use was capable of causing death and serious bodily injury to Kody Lee Lincicome, said attempt being an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended and did then and there intentionally and knowingly by act cause serious bodily injury to Kody Lee Lincicome, a child 14 years of age or younger, by then and there smothering him with a deadly weapon, to-wit: a pillow, that in the manner of its use and intended use was capable of causing death and the serious bodily injury to Kody Lee Lincicome.

(ECF 17-13 at 9).

On June 8, 1997 to June 11, 1998, Petitioner's criminal case was tried before a jury in the 47th District Court of Randall County. (ECF 17-3). On June 11, 1997, the jury found Petitioner guilty of serious bodily injury to a child. (ECF 17-13 at 106). After finding Petitioner used or exhibited a deadly weapon, to-wit: a pillow, during the commission of the offense, the jury then sentenced Petitioner to 40 years imprisonment in the Texas Department of Criminal Justice ("TDCJ"), Institutional Division.[1] (ECF 17-3 at 106). The state trial court accepted the jury's verdict and sentence and entered a corresponding Judgment. (ECF 17-3 at 107).

Petitioner filed a direct appeal of his conviction and sentence to the Court of Appeals for the Seventh District of Texas. *Lincicome v. State*, No. 07-98-0255-CR (ECF 17-3 to 17-5). On September 24, 1999, the intermediate state appellate court affirmed the judgment of conviction. (ECF 17-5). Petitioner did not seek review of the intermediate state appellate court's decision by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

On April 10, 2019, Petitioner purportedly placed the instant application for habeas corpus relief in the TDCJ prison mail system, such application being received and file-stamped by the United States District Clerk on April 15, 2019. (ECF 3 at 1, 10). Petitioner alleges his state custody is unconstitutional and further alleges that newly discovered evidence exists to exonerate him. (*Id.* at 1-7). Petitioner additionally alleges fraud and misrepresentation by the state. (*Id.*). There is no record of a state habeas application being filed by Petitioner.

## II. PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

[1]Petitioner's statutory sentencing range was 5-99 years, or life. (ECF 17-3 at 96). *See* TEX. PENAL CODE § 22.04 (1995).

1. Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under F.R.C.P. Rule 59(b) and shows that Petitioner was actually innocent;

2. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by the state; and

3. multiple claims of ineffective assistance of trial counsel and appellate counsel, as set forth accurately in the Respondent's briefing.

(ECF 3 at 1-7; ECF 16 at 2-3).

## III. STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

## IV. RESPONSIVE PLEADINGS

On September 30, 2019, Respondent filed a Preliminary Answer asserting Petitioner's federal habeas petition should be dismissed as time barred. (ECF 16). In her Preliminary Answer, Respondent briefed applicable statutory and case law regarding the 1-year statute of limitations in federal habeas corpus cases, as well as the possibilities of statutory and equitable tolling of the limitation period. Respondent also set forth relevant dates in this case and analyzed the timeliness of Petitioner's habeas application. (*Id.*).

On November 5, 2019 Petitioner filed a reply in opposition to Respondent's Preliminary Answer arguing that the State of Texas and respondent have sought to deny his Habeas petition in order to prevent a federal investigation into his case, of which Petitioner alleges the state and the respondent are afraid. (ECF 18). Petitioner repeatedly argues the State violated Rules 6-8 of the Federal Rules of Civil Procedure but fails to specify precisely how those rules were purposefully violated. (*Id.* at 7).

## V. FINALITY OF CONVICTION

A judgment becomes final upon the conclusion of direct appellate review or when the time for filing further direct appeal expires. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002). With regard to the finality of Petitioner's judgment of conviction, the undersigned makes the following findings and/or conclusions:

1. Petitioner was sentenced on June 11, 1998. (ECF 17-13 at 108). Petitioner filed a direct appeal of his conviction with the appropriate state intermediate appellate court who, on September 24, 1999, affirmed Petitioner's conviction and sentence. (ECF 17-5 at 1).

2. Petitioner's judgment of conviction became final on October 25, 1999, when the 30-day period to file a petition for discretionary review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012).

## VI. START OF THE LIMITATION PERIOD

The limitations period shall run from the date on which the judgment became final unless one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date.

On page nine of the form habeas application Petitioner submitted wherein he was instructed to explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his petition if the judgment of conviction became final over one year ago, Petitioner stated that he was not "skilled at law" at the time, and required time to read and study the law, as well as wait for any possible new evidence to arise. (ECF 3 at 9). Moreover, Petitioner does not suggest in any of his pleadings that the 1-year limitation period should start on a date other than, and later than, the date his conviction became final, *i.e.*, October 25, 1999. Nor does the record before the Court reflect any circumstances justifying a delayed or later start date of the limitations period under any of the above subsections with regard to Petitioner's claims.

**A. Discovery Rule**

In an abundance of caution, the Court will construe Petitioner's assertion of "newly discovered evidence" as an allegation that the limitation period did not begin until he discovered that exculpatory evidence was withheld by the state and, thereby, discovered the factual predicate of one or more of his claims. First, Petitioner alleges that the state withheld exculpatory evidence, particularly that the human brain could not survive after being suffocated for four minutes. (ECF 3 at 9, 39). Second, Petitioner does not argue he could not have discovered that the exculpatory evidence was withheld through the exercise of due diligence until a date after his conviction became final. Even if Petitioner were to make such an argument, the Court would not find such argument credible. Furthermore, Petitioner seems to contradict such an argument by faulting his appellate attorney for failing to raise the exculpatory evidence trial counsel supposedly mentioned

in a phone call to Lincicome's grandfather that occurred two months after trial. (ECF 3 at 11, 13, 27). Third, Petitioner fails to identify any specific date as the date he allegedly discovered any exculpatory evidence, nor does he provide any support for any contention that the limitation period began on such a later date. Lastly, Petitioner's argument confuses the "factual predicate" date with the date Petitioner may have obtained purported "proof" to support his claim. The Fifth Circuit has rejected such a notion. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) (the statutory right to delay the start of the limitation period does not extend to the time permitted for gathering evidence in support of a claim). Petitioner has not demonstrated the discovery rule of section 2244(d)(1)(D) is applicable under these circumstances so as to delay the start of the limitation period.

**B. Statutory Tolling**

The 1-year limitation period is tolled for the time during which a properly filed application for state habeas relief or other collateral review is pending. There is no evidence that a state habeas petition was filed by Petitioner prior to the filing of the instant federal habeas petition.

**C. Findings**

With regard to the start of the 1-year limitation period and statutory tolling of the limitation period, the undersigned makes the following findings and conclusions:

1. The record does not reflect any unconstitutional "State action" impeded or prevented Petitioner from filing for federal habeas corpus relief.

2. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

3. Petitioner's claims are not of such a nature that the factual predicate of the claims presented could not have been discovered, through the exercise of due diligence, until a date subsequent to the conclusion of Petitioner's direct review of his conviction.

4. The 1-year period of limitation in this case began on the date on which Petitioner's judgment became final, that is October 25, 1999.

5. Petitioner's federal habeas corpus petition was thus due on or before October 25, 2000 (upon the expiration of one year) unless the limitation period was statutorily or equitably tolled.

6. Petitioner did not file a state habeas application prior to filing the instant federal application, so no tolling applies.

## VII. EQUITABLE TOLLING

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Here, Petitioner has not asserted, much less sufficiently demonstrated, that he is entitled to equitable tolling of the limitation period. Petitioner does not even attempt to explain his delays in

this case, other than that he was "not skilled at law" during the time of the delay in filing. (ECF 3 at 9). Moreover, the record does not reflect Petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions or conditions, prevented him from timely seeking post-conviction relief from his conviction.

## VIII. ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404 (1993)). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the Petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995*); see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623-24 (1998).

Under Ground one of his application, Petitioner argues he is "actually innocent" of the offense of serious bodily injury to a child intentionally or knowingly committed because:

1. the State engaged in prosecutorial misconduct; and
2. Petitioner's right to due process was violated.

(ECF 3 at 6-7, 11-14). Although Petitioner does not specifically argue actual innocence *as a gateway* for this Court to consider his time-barred claims, this Court has liberally construed Petitioner's "actual innocence" claim as making such an argument.

Petitioner does not, in either his application or his supporting memorandum, set out any facts or even argument in support of a claim that he is <u>factually innocent</u> of committing the first-degree felony offense of which he was convicted. Instead, Petitioner appears to base his "actual innocence" claim solely on allegations of malicious prosecutorial misconduct and due process violations. To the extent that Petitioner argues that the injuries suffered by the victim show that he did not suffocate the victim for the length of time alleged, this is not a claim of factual innocence. Petitioner does not assert a true claim of actual innocence, much less an exception to a procedural bar based on his actual innocence.

Even if Petitioner's pleadings can be construed to assert a true claim of actual innocence, whether as a ground for relief or to establish a gateway for any time-barred claim, Petitioner does not make the necessary showing of actual innocence. Petitioner fails to demonstrate actual innocence by presenting any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor does he show it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have convicted Petitioner in light of the new evidence. In fact, Petitioner does not assert any new potential defense to the charge or present any new evidence to support his innocence. Petitioner has not sufficiently demonstrated his "actual innocence" of the offense of which he was convicted as a gateway or means by which to avoid any time bar. Consequently, Petitioner has not overcome the time bar for filing a federal habeas corpus petition.

Petitioner presents no newly discovered evidence that would undermine this Court's confidence regarding the state court's findings of guilt. Indeed, he faults his appellate attorney for failing to raise the exculpatory evidence trial counsel supposedly mentioned in a phone call to Petitioner's grandfather that occurred two months after trial. (ECF 3 at 11, 13, 27). Thus, Petitioner has failed to present a credible claim of actual innocence by producing new evidence that is sufficient to persuade this Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 133 S.Ct. at 1928 (*quoting Schlup*, 513 U.S. at 329). Petitioner has not demonstrated an "actual innocence" exception to the time bar.

## IX. FINDINGS AND CONCLUSIONS

1. The one-year statutory limitation period in this case was not equitably tolled.

2. Petitioner's federal habeas corpus application, filed April 10, 2019 when Petitioner purportedly placed the application in the state prison mail system,[2] was filed **after** the expiration of the statute of limitations and **is time barred**. The time period for filing the federal application was not tolled by the filing of any state habeas application.

3. An "actual innocence" exception to the time bar is not applicable to this case so as to allow a gateway for this Court to hear Petitioner's time barred claims.

## X. RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed September 30, 2019 (ECF 16), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner KENNETH LEE LINCICOME be DISMISSED with prejudice as time barred.

[2] *Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998) (a federal habeas petition is "filed" for purposes of the limitation period when the inmate tenders his petition to prison officials for mailing).

## XI. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 24, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).